ARMSTRONG, Judge,
concurs with reasons.
I concur in the majority result. In regard to defendant Roberts, the testimony of Jones clearly was not exculpatory as Jones stated in his pre-trial interviews and at the hearing on the motion for new trial that he saw Roberts shoot the victim. Jones’ testimony, if it had been introduced at trial, was corroborative of Ms. Kelly’s testimony. Therefore, the trial court did not err in denying defendant Roberts’ motion for a new trial.
While Jones allegedly did not implicate defendant Smith in the pre-trial interviews, Jones testified at the motion hearing that he saw both defendants shoot the victim. Further, Jones denied making any statements implicating only Roberts. Ann Wallis, the assistant district attorney who interviewed Jones, and Brod Bagert, Smith’s attorney, testified at the hearing that Jones told them that he saw only Roberts shoot Kelly.
Mr. Bagert, Smith’s attorney, interviewed Jones prior to trial and thus knew the content of Jones’ testimony before trial began. According to Mr. Bagert, Jones informed him that if he was forced to testify at trial, he would testify that he saw both defendants shoot the victim. Thus, even if Jones would have testified at trial, he would have corroborated Ms. Kelly’s testimony. The trial court did not err in denying defendant Smith’s motion for new trial.